UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:   Chapter 11
   Case No. 08 B 22891(RDD)
JUDDE PROPERTIES, INC.,

                               Debtor.

Tax I.D. No. 30-027643
------------------------------------------------------------X

**ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN
OF REORGANIZATION PURSUANT TO 11 U.S.C. SECTION 1129**

      The Amended Plan of Reorganization dated March 11, 2009, (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code"), and related Disclosure Statement dated March 11, 2009 ("Disclosure Statement") having been filed by the above-captioned debtor (the "Debtor"); and the Court having entered an Order on April 3, 2009 which (1) approved the Disclosure Statement pursuant to 11 U.S.C. §1125, (2) set the deadline for submission of ballots for April 16, 2009 and (3) scheduled a hearing for confirmation of the Plan to be held on April 21, 2009 at 11:00 a.m. (the "Order Approving the Disclosure Statement"); and a copy of the Plan and the Disclosure Statement (with all exhibits) having been transmitted to all known holders of Claims and Interests; and the solicitation of acceptances from holders of impaired Claims having been made in the manner required by this Court in accordance with the Order Approving the Disclosure Statement; and a hearing to consider confirmation of the Plan and other matters relating to confirmation having been adjourned to and held before the Court on July 1, 2009 (the "Hearing") pursuant to notice as heretofore directed; and the affidavits of service having been filed evidencing therewith compliance; and upon the

1

entire record of this case and the Hearing; and the certification of Arlene Gordon Oliver, Esq. of the ballots cast in acceptance of and in rejection to the Plan having been filed herein; and the Court having considered all pleadings submitted in connection with the confirmation of the Plan; and upon all proceedings heretofore had herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY FOUND AND DETERMINED** that:

A. As shown by the affidavit of service of Daisy A. Pons duly sworn to on April 9, 2009, proper, timely, adequate and sufficient notice of the Hearing to all creditors, interest holders and parties in interest has been provided in accordance with the Order Approving the Disclosure Statement, and no further or other notice of the Hearing or entry of this Order is necessary.

B. Except as set forth herein, this Court has jurisdiction over the subject matter of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. Sections 1334 and 157(b). This is a core matter pursuant to 28 U.S.C. Section 157(b)(2)(A), (L), and (O).

C. The modifications to the Plan do not materially change the treatment of any claims of any creditors or the holders of Equity Interests, and do not require the re-solicitation of acceptances or rejections of the Plan.

D. The Plan has been accepted in writing pursuant to Section 1126(c) of the Code by at least one class of creditors as defined in Section 101(10) of the Code, ("Creditors") whose acceptance is required by law.

E. The procedures by which the ballots were distributed and tabulated were

fair, properly conducted and complied with the prior orders of this Court.

  F.  The provisions of Title 11, United States Code have been complied with in the Plan and by the Debtor.

  G.  The Plan has been proposed in good faith and not by any means forbidden by law.

  H. With respect to each impaired class of Claims or Interests, each holder of a claim as defined in Section 101(5) of the Code ("Claim") or Interest of such class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under Chapter 7 of the Code on the effective date of the Plan.

  I. The identity, qualifications, and affiliations of the persons who are to be directors, officers, or voting trustees, if any, to the Debtor after confirmation of the Plan have been fully disclosed, to the extent currently known and ascertainable, and the appointment of such persons to such offices, or their continuance therein, if any, is equitable, and consistent with the interests of creditors and with public policy.

  J. The identity and nature of compensation of any insiders that will be employed or retained by the Debtors and their compensation, if any, have, to the extent currently known and ascertainable, been fully disclosed.

  K. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor.

  L. At least one class of Claims that is impaired within the meaning of Section

1124 of the Code has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim within such class.

M. All fees payable under 28 U.S.C. Section 1930 have been paid or will be paid within 30 days after the Effective Date of the Plan, as funds become available to the estate.

N. Except to the extent that the holder of a particular Claim has agreed to a different treatment, the holders of allowed Claims of a kind specified in Section 507(a)(1) of the Code will receive on the Effective Date of the Plan cash in the amount and manner as set forth in the Plan.

O. Except to the extent that the holder of a particular Claim has agreed to a different treatment, the holders of allowed Claims of a kind specified in Section 507(a)(8) of the Code will receive on the Effective Date of the Plan cash in the amount and manner as set forth in the Plan.

P. There are no holders of Claims of a kind specified in Sections 507(a)(1), (3), (4), (5), (6), (7), and (9) of the Code.

Q. With respect to each class of Claims, such class has accepted the Plan or such class is not impaired under the Plan.

R. There exists no governmental regulatory commission with jurisdiction over the rates of the Debtors, and therefore Section 1129(a)(6) of the Code is inapplicable.

S. Section 1129(a)(13) of the Code is inapplicable as the Debtors have no continuing obligations on account of retiree benefits as defined in Section 1114 of the Code.

T. The Plan satisfies the requirements of Sections 1122 and 1123 of the Code.

U. There is no other plan of reorganization that has been moved for confirmation. The Plan is therefore the only plan pending before the Court.

V. All requirements of section 1129(a) of the Code have been met under the Plan.

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1. The findings of this Court set forth above, together with all other bench findings, findings of fact and conclusions of law made by this Court during the Hearing with respect to confirmation of the Plan, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable by Bankruptcy Rule 9014.

2. The Plan, the most recent copy of which is on file with the Court and has been previously served upon all of the Debtor's creditors and parties in interest, be and the same hereby, is confirmed pursuant to Sections 1129 and 1141 of the Code. Unless otherwise defined herein, capitalized terms in this Order shall have the meanings ascribed to them in the Plan. In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern.

4. Upon the Effective Date, all assets and property of the Debtor and of the Debtor's estate, wherever situated, shall vest in the Reorganized Debtor, free and clear of all liens, claims and encumbrances, other than those liens, claims and encumbrances expressly preserved in the Plan or this Order or that constitute a statutory real property

tax lien under relevant state or local law.

5. The Debtor be, and the same hereby is, authorized and empowered to take all steps necessary to effectuate consummation of the Plan in conformity with the terms of the Plan, to distribute cash and property pursuant to the Plan and to take such actions to issue, execute and deliver such documents as may be necessary to carry out the terms thereof.

6. Rattet, Pasternak & Gordon-Oliver, LLP, shall act as disbursing agent for payments to be made under the Plan including the professional distributions payable on Confirmation.

7. Rattet, Pasternak & Gordon-Oliver, LLP, on behalf of the Debtor, shall be responsible for, and is hereby directed to, file quarterly disbursement reports for each quarter the Chapter 11 case remains open and pay United States Trustee fees, pursuant to 28 U.S.C. Section 1930, until a final decree has been entered closing the Debtor's Chapter 11 case.

8. The Disbursing Agent is hereby authorized, without further Order of the Court, to pay reasonable post-confirmation attorneys fees of the Disbursing Agent, counsel for the Debtor upon ten (10) days notice to the Office of the United states Trustee, and to pay such fees, and reimburse such expenses as may be incurred by the Disbursing Agent in the performance of its duties. The Bankruptcy Court shall retain jurisdiction in the event of any disputes arising hereunder.

9. The Plan, this Order, and their respective provisions shall be binding upon the Debtor, any Parties to an executory contract with the Debtor or lessor or lessee of

6

property from or to the Debtor, and any and all creditors and Interest holders of the Debtor, and any other Parties in interest in the Chapter 11 Case, whether or not the Claim or Interest of such creditor, Interest holder or other Parties in interest is impaired under the Plan and whether or not such creditor, Interest holder or other Parties in interest has filed, or is deemed to have filed, a proof of Claim or Interest or has accepted or is deemed to have accepted, or has rejected or is deemed to have rejected, the Plan. Notwithstanding the foregoing, nothing contained in this Order or the Plan shall affect any claims or rights of the Empire State Certified Development Corp., as Servicing Agent for the United States Small Business Administration (the "SBA") and Zions First National Bank ("Zions Bank") and any claims, rights or obligations under their respective Mortgage Notes and Security Agreements.

10. Except as otherwise provided for in the Plan, the distribution and rights afforded in the Plan shall be in complete and full satisfaction and release, effective as of the Effective Date, of all Claims against the Debtor or any of its assets or properties of any nature whatsoever. Notwithstanding the foregoing, nothing contained in this Order or the Plan shall affect any claims or rights of Zions Bank or the SBA and any claims, rights or obligations under their respective Mortgage Notes and Security Agreements.

11. On and after the Effective Date, as to every Claim, every holder of a Claim shall be precluded from asserting against the Debtor and its attorneys and its respective assets and/or properties any further Claim based on any action, right, obligation, document, instrument, act, omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date. Notwithstanding the foregoing, nothing

7

contained in this Order or the Plan shall affect any claims or rights of Zions Bank or the SBA and any claims, rights or obligations under their respective Mortgage Notes and Security Agreements.

12. All entities which are parties to adversary proceedings and/or contested matters pending before this Court, which proceedings are not fully determined as of the date hereof, are restrained and enjoined from commencing any other proceedings or taking any other action against the Debtor with respect to any issue raised in such adversary proceedings and/or contested matters, except upon further order of this Court.

13. Except as otherwise provided in the Plan and this Order, the Debtor and the Reorganized Debtor be, and the same hereby are, upon execution of this Order, except for its obligations to the SBA and Zions Bank, respectively, under the Mortgage Notes and Security Agreements and the obligation to distribute funds to Creditors under the Plan, discharged from each and every Claim and "debt" as defined in Section 101(12) of the Code, whether liquidated, unliquidated, asserted, unasserted, scheduled or unscheduled by or against the Debtor, that arose from any agreements entered into by the Debtor prior to Confirmation Date, or that otherwise arose prior to Confirmation Date, including, without limitation, any and all debts in respect to any Claim, and any and all debts of a kind specified in Sections 502(g), 502(h), or 502(i) of the Code, whether or not: (a) a proof of Claim based on such debt is filed or deemed to be filed; (b) such Claim is Allowed under Section 502 of the Code; (c) the holder of such Claim has accepted the Plan; or (d) the right of the holder of such Claim to payment was

reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

1415. Effective on the Confirmation Date, all persons who have held, hold or may hold Claims against or Interests in the Debtor, are hereby enjoined and precluded from taking any action, including without limitation, any of the following actions against or affecting the Reorganized Debtor, or the assets of the Reorganized Debtor with respect to or arising from such Claims or Interests, except as otherwise set forth in the Plan, and other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order:

(i) Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, arbitration, or other proceeding of any kind against the Reorganized Debtor or the assets of the Reorganized Debtor;

(ii) Enforcing, levying, attaching, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Reorganized Debtor or the assets of the Reorganized Debtor;

(iii) Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Reorganized Debtor or the assets of the Reorganized Debtor;

(iv) Asserting any setoff, right of subrogation, or recoupment of any kind, directly or indirectly, against either the Debtor or the Reorganized Debtor or the assets of the Debtor or the Reorganized Debtor;

(v) Proceeding in any manner and any place whatsoever that does not conform

to or comply with the provisions of the Plan. Notwithstanding the foregoing, nothing contained in this Order shall affect any claims or rights of the SBA and Zions Bank and any claims, rights or obligations under the respective Mortgage Notes and Security Agreements.

16. The Plan is hereby modified to provide as follows:

(i) The arrearages under Zions Bank loan documents shall be fixed at $115,434 as of the Confirmation Date. The monthly arrearage payments shall be $4,312.05 beginning on August 1, 2009 for a term of 29 months, at which time all unpaid arrearages shall become due and payable;

(ii) The balance due under the Zions Bank promissory note (exclusive of the arrearages) shall be fixed at $611,250.95 as of the Confirmation Date. The monthly payments under the Zions Bank promissory note shall be $5,324.65 beginning on August 1, 2009 for a term of 15 years, at which time all unpaid arrearages shall become due and payable. These payments are in addition to the arrearage payments set forth above;

(iii) In the event of any default under the Plan or Zions Bank's loan documents, Zion's Bank is authorized to proceed with a foreclosure sale of the real property located at 25 Coligni Avenue, New Rochelle, New York (the "Property") subject to the requirement that Zions Bank provide the debtor and the U.S.Trustee with the requisite notice pursuant to the Plan. The required notice to the Debtor and the U.S. Trustee shall include both the default amount and the total amount due under the loan. A copy of the notice of default shall also be transmitted to the SBA c/o Michael Zihal,

Senior VP, Empire State Certified development Corp., 50 Beaver street, Albany, New York 12207. The Debtor hereby consents to the amendment of Zions Bank's Judgment of Forbearance and Sale to reflect the outstanding loan balance under the Plan and loan documents at the time of the sale; and

        (iv)    The Debtor shall provide Zions Bank with current tax returns and financial statements for the Debtor and all guarantors within 30 days of the Confirmation Date and every year thereafter. The Debtor shall also provide Zions Bank with all current leases for the mortgaged property within 30 days of the Confirmation Date, as well as all subsequent lease extensions, lease modifications and new leases prior to execution.

        (v)    The Debtor shall provide Zions Bank with proof of payment of all taxes for the Property on the Confirmation Date and for every payment thereafter until all Plan payments to Zions bank have been made by the Debtor.

17.    The Plan is further modified to provide that, with respect to the Class 3 claimant (SBA), as a condition to Confirmation, the Debtor shall have made all payments required under Section 3.4 of the First Amended Plan of Reorganization by the Effective Date.

18.    Nothing in Section 1125 (e) of the Bankruptcy Code shall (I) be construed as a release of the Debtor's or the Debtor's professionals' fraud, gross negligence, breach of fiduciary duty, malpractice or willful misconduct, or (ii) limit the liability of the Debtor's professionals to their respective clients pursuant to N.Y. COMP. CODES R. & REGS. tit. 22 § 1200.8 Rule 1.8(h)(1) (2009).

**19. As provided for in the Plan, all executory contracts or unexpired leases, unless assumed prior to the date hereof, are hereby deemed rejected. Any Claims arising out of such rejection shall be filed with the Court no later than 30 days after notice of the entry of this Confirmation Order or shall be forever barred from asserting such Claim in the Chapter 11 Case.**

20. The Debtor, by and through its president and/or other appropriate officers, are hereby authorized to take any and all actions, and execute and deliver any and all instruments and documents that it deems necessary and appropriate to effect and consummate the Plan and carry out this Order.

21. All approvals of the Board of Directors and shareholders of the Debtor as may be necessary to carry out the Plan and the actions authorized by this Order are hereby deemed to be given or obtained.

22. This Court hereby retains jurisdiction pursuant to and for the purposes of Sections 105, 1127 and 1142 of the Code and provided in the Plan, and for such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan, including but not limited to the following:

(a) to determine all controversies relating to or concerning the allowance of Claims upon objection to such Claims by the Reorganized Debtor;

(b) to determine requests for payment of Claims entitled to priority under Section 507(a)(1) of the Code, including any and all applications for compensation for professionals and similar fees;

(c) to determine any and all applications, adversary proceedings, and contested

or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C Sections 157 and 1334;

(d)  to determine all disputed, contingent or unliquidated Claims;

(e)  to modify the Plan pursuant to Section 1127 of the Code or to remedy any defect or omission or reconcile any inconsistencies in the Plan or Confirmation Order to the extent authorized by the Code;

(f)  to make such orders as are necessary or appropriate to implement and enforce the provisions of the Plan;

(g)  to resolve controversies and disputes regarding the interpretation or enforcement of the terms of the Plan, or any of the agreements or instruments issued under or relating to the Plan;

(h)  to enter a final decree closing the Debtor's Chapter 11 Case on notice to the United States Trustee.

23.  The Debtor shall pay all outstanding fees plus interest pursuant to 31 USC 3717, if any, payable to the Office of the United States Trustee pursuant to 28 U.S.C. Section 1930 within thirty (30) days of the Effective Date as defined in the Plan. The Debtor shall be responsible for filing post-confirmation reports with the Bankruptcy Court and shall pay all quarterly fees required under 28 U.S.C. Section 1930 until the earlier of (a) conversion or dismissal of the Chapter 11 Case or (b) entry of a final decree closing the Chapter 11 Case.

24. The provisions of Bankruptcy Rule 3020(e) are hereby waived and this Order shall take effect and shall be fully enforceable immediately upon entry hereof.

Dated: New York, New York
July 2, 2006

/s/Robert D. Drain
HONORABLE ROBERT R. DRAIN
UNITED STATES BANKRUPTCY JUDGE